UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK KINCHLOE,<br><br>                    Plaintiff,<br><br>vs.<br><br>OFFICER ROBERT LACOURT,<br>Individually,<br><br>                    Defendant. | Civil Action No.<br><br><br>COMPLAINT |

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the misconduct of Defendant Robert LaCourt, who used improper and unconstitutional means to subject Plaintiff Mark Kinchloe to malicious prosecution, fabrication of evidence against Plaintiff, and retaliatory prosecution.

### II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §1983, and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

3. Jurisdiction of this Court is based upon 28 U.S.C. §§1331 and the aforementioned statutory provisions.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

### III. PARTIES

5. Plaintiff Mark Kinchloe is an adult citizen of Philadelphia, Pennsylvania.

6. Plaintiff Mark Kinchloe was at all times relevant to this action located in the Eastern District of Pennsylvania.

1

7. Defendant Robert LaCourt, at all times relevant to this Complaint, was a police officer employed by the Cheney University Police Department acting under color of state law.

8. Defendant Robert LaCourt is being sued in his individual capacity.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff, Mark Kinchloe, was employed at the Cheney University Police Department as a dispatcher in 2020.

10. In May of 2020 Defendant Robert LaCourt made a false complaint to Human Resources accusing Plaintiff of smoking on campus in violation of school policy.

11. A meeting was conducted at Human Resources during which Plaintiff was allowed to defend himself against these allegations and confront his accuser, Defendant Robert LaCourt.

12. At this meeting Plaintiff called Defendant Robert LaCourt a liar for making the false report against him.

13. Human Resources personnel cleared Plaintiff in the smoking on campus complaint.

14. After the conclusion of the meeting, Plaintiff told the director of Human Resources, John Gruenwold, a list of concerns he had about Defendant Robert LaCourt including: that Robert LaCourt was not supervisory material; that Robert LaCourt was unprofessional; that Robert LaCourt had a habit of lying to police department staff; and that Robert LaCourt routinely disappeared while on duty; and went off campus for long periods of time with his radio turned off while he was supposed to be on duty.

15. A few days later Defendant Robert LaCourt told Plaintiff that he heard about Plaintiff's complaints about him.

16. In May of 2020, Defendant Robert LaCourt was the acting Chief of the Cheney

University Police Department, and he was attempting to secure a permanent position as chief of police there.

17. In June of 2020 the Cheney Police Department's CAD (computer aided dispatch) system was not working.

18. As a temporary stopgap, Plaintiff and other dispatchers were instructed to record the information that they received from inbound calls in Microsoft Word documents and save said Word documents on the computer assigned to the dispatcher on duty.

19. Cheney Police Department personnel collectively referred to the notes written by dispatchers to record incoming phone calls in the Microsoft Word documents as "CAD notes."

20. Plaintiff, who was sixty-seven years of age at the time, was not proficient in Microsoft Office software.

21. During his shift as a dispatcher on June 26, 2020, Plaintiff noticed that all of the CAD notes from June 18, 2020 to June 26, 2020 on the dispatch computer had been deleted.

22. Plaintiff, unsure as to how this had happened, and not being proficient in the use of Microsoft Word, assumed that some unknown software glitch was the cause.

23. Plaintiff then reported the loss of the notes via email to other Cheney Police Department staff.

24. Fortunately, the majority of the CAD notes were recovered by other dispatchers because they had been saved in backup Microsoft Word Documents by other dispatchers.

25. Even though the loss of the CAD notes was clearly an accident and largely mitigated by other dispatchers' backup copies, Defendant Robert LaCourt immediately launched a criminal investigation into the loss of the CAD notes.

26. On June 30th, 2020, Defendant Robert LaCourt questioned Plaintiff about the CAD notes.

27. Plaintiff, growing tired of the monotonous questioning about a mundane clerical error, repeated a statement he had often made while at work. Plaintiff said "Man I just need $20,000.00 and I'm out of here."

28. Plaintiff had been uttering this statement because he had found a tax sale property listed at $20,000 that he was sure he could fix up and retire to.

29. On August 3, 2020 at a disciplinary hearing, Defendant LaCourt questioned Plaintiff about the loss of the Cad notes.

30. Plaintiff told Defendant LaCourt that he was not sure how the CAD notes were deleted, and that it was possible that he deleted them by accident.

31. After the conclusion of Defendant Robert LaCourt's "Investigation" of the mundane details surrounding a minor clerical error which had no impact on safety and security at Cheney University, Defendant fabricated evidence of criminal wrongdoing out of whole cloth and accused Plaintiff of committing thirteen separate criminal offenses.

32. On or about August 21, 2020, Defendant Robert LaCourt filed a criminal complaint against Plaintiff, Mark Kinchloe charging Plaintiff with:

    18 Pa.c.s. § 4103 Fraudulent destruction, removal or concealment of recordable instruments, two counts;

    18 Pa.c.s. § 4701 §§A1 Bribery in official and political matters;

    18 Pa.c.s. § 4701 §§A3 Bribery in official and political matters;

    18 Pa.c.s. § 4104 §§ A Tampering with records or identification, two counts;

    18 Pa.c.s. § 4910 Tampering with or fabricating physical evidence, two counts;

    18 § 4911 §§ A1 Tampering with public records or information, two counts;

    18 § 4906 §§ B1 False reports to law enforcement authorities;

    18 § 3922 §§ A2 Theft by deception, two counts.

33. Included in the many falsities that Defendant Robert LaCourt placed in the poorly worded and at times nonsensical affidavit of probable cause was the allegation that Plaintiff had attempted to bribe Defendant Robert LaCourt.

34. The affidavit of probable cause states that the attempted bribery occurred when Plaintiff made the statement "Man I just need $20,000.00 and I'm out of here."

35. No reasonable person would have taken that statement to be evidence of attempted bribery because: [1] no quid pro quo was established; [2] the premise of the alleged bribery attempt is nonsensical; and [3] the context surrounding Plaintiff's statement makes it clear that it was in no way shape or form an attempt at bribery.

36. No evidence of a single criminal act existed upon which a prosecution could have been based.

37. Plaintiff did not commit a single criminal act, let alone thirteen.

38. On August 21, 2020 Plaintiff was arraigned before Magisterial District Judge Martin G. Goch. Plaintiff's bail was set, and he was served with notice of a preliminary hearing on 09/14/2020.

39. On 09/14/2020 the case was continued to 10/12/2020.

40. On 10/12/2020 the case was continued to 10/26/2020.

41. Finally on October 26, 2020, the Chester County District Attorney's office withdrew prosecution on all thirteen charges prior to the preliminary hearing due to a complete lack of evidence of any criminal wrongdoing whatsoever.

42. Unfortunately, Plaintiff's employment at Cheney University had already been terminated

due to the arrest and prosecution out of which this Complaint arises.

43. Defendant Robert LaCourt was motivated to prosecute Plaintiff for a litany of imagined crimes because Plaintiff had made honest and, clearly in hindsight, prescient and accurate complaints about Defendant LaCourt's lack of professionalism on the job, in addition to calling Defendant Robert LaCourt a liar for falsely accusing him of smoking on campus.

## FEDERAL CIVIL RIGHTS VIOLATIONS

44. Plaintiff incorporates by reference paragraphs 1-43 of the instant Complaint.

45. As a direct and proximate result of Defendant's conduct, committed under color of state law, the plaintiff was deprived of the right to be free from: 1st Amendment retaliatory prosecution; 4th Amendment malicious prosecution; and 14th Amendment evidence fabrication. As a result, the plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the First Fourth, and Fourteenth Amendments, and 42 U.S.C. §1983.

46. As a direct and proximate result of the acts of all defendants, the plaintiff sustained a loss of employment, emotional harm, loss of standing and reputation in the community, loss of liberty and other financial losses, all to his detriment and harm.

WHEREFORE, the plaintiff requests the following relief:

a. Compensatory damages as to all defendants, including but not limited to the legal fees charged by Plaintiff's criminal defense attorney related to the aforesaid prosecution, and wage loss;

b. Punitive damages as to all defendants;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just; and

e. A jury trial as to each defendant as to each count and as to compensatory and punitive damages.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates the undersigned as trial counsel.

                                Derek A. Steenson, Esquire
                                1500 Walnut Street, #204A
                                Philadelphia, PA 19102
                                (215) 253-8658
                                Counsel for Plaintiff

07/13/21